cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESUS DEGADILLO, | ) | Civil No.05cv0060 IEG (AJB) |
| | ) | |
| Plaintiff, | ) | Report and Recommendation |
| v. | ) | Denying Petition for Writ of Habeas |
| | ) | Corpus Under 28 U.S.C. § 2254 |
| D. ADAMS, Warden | ) | [Doc. Nos. 1 and 15] |
| | ) | |
| Defendants. | ) | |
| | ) | |

Petitioner, Jesus Degadillo, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 5, 2005. (Docket No. 1.) Petitioner is challenging his April 24, 2002 conviction in San Diego Superior Court, alleging: (1) that the trial court violated petitioner's Eighth Amendment right by sentencing petitioner to imprisonment for 150 years to life plus five years at the age of seventy four; (2) that the trial court's use of California Jury Instruction 17.41.1 was a structural defect in the trial compelling reversal of Petitioner's conviction; and (3) that the state court violated Petitioner's Constitutional Due Process rights by failing to utilize federal laws in making the decisions that denied Petitioner relief.[1]  Respondent filed an Answer to Petitioner's Habeas Corpus

---

[1] This Court granted Petitioner's March 24, 2005 motion to stay the instant petition to allow Petitioner to return to state court to exhaust a previously unexhausted claim.  Petitioner filed a petition for writ of habeas corpus with the California Supreme Court containing the unexhausted claim on January 12, 2006 and it was denied on September 20, 2006.  (Lodgment Nos. 13 and 14.)

1

1    Petition in accordance with Rule 5 of the Rules Governing section 2254 cases in the United States

2    District Court (Docket No. 15.)  Petitioner filed a Traverse (Docket No. 19.)

3         For the following reasons, the Court finds that Petitioner is not entitled to habeas relief as to any

4    claim presented in the Petition, and recommends the Petition be **DENIED**.

5                                      *Background*

6    **I.      Underlying Facts**

7         The following statement of facts is taken from the appellate court opinion affirming Petitioner's

8    conviction on direct review.  This Court gives deference to state court findings of fact and presumes

9    them to be correct.  28 U.S.C. § 2254(e)(1); *see also Sumner v. Mata*, 449 U.S. 539, 545-47 (1981)

10   (stating that deference is owed to factual findings of both state trial and appellate courts).

11            In 2000, appellant, while living in San Diego, repeatedly had sexual
             intercourse with his six-year-old daughter.  A year later the family moved
12           to San Ysidro.  While in San Ysidro, appellant had sexual intercourse with
             his daughter at least once or twice a week and had anal intercourse with
13           her at least once.  Appellant also rubbed against his daughter in a sexual
             manner in the family van. (Lodgment No. 10, *People v. Degadillo*, No.
14           D040872,  at 2.)

15   **II.     State Proceedings**

16        Petitioner was convicted of three counts of committing lewd and lascivious acts upon a female

17   child under the age of fourteen in violation of California Penal Code section 288(a) and the jury found

18   that these acts involved substantial sexual conduct within the meaning of California Penal Code section

19   1203.066(a)(8).  The jury also found that Petitioner: 1) had been previously convicted of the felony of

20   committing a lewd act upon a child within the meaning of California Penal Code section 667.71(a); 2)

21   was a habitual sexual offender within the meaning of California Penal Code section 667.71; and 3) had

22   one prior strike and one serious prior within the meaning of California Penal Code sections 667, 668,

23   1170.12 and 1192.7.  (Lodgement No. 1 at CT 30-31.)

24        On September 13, 2002, the court denied Petitioner's motion to dismiss the strike prior and

25   sentenced him to 150 years to life in prison plus five years.  The Court held Petitioner would not be

26   eligible for parole for 150 years.  (CT 324-26.)  The Petitioner appealed his conviction and sentence and

27   in an unpublished decision on September 12, 2003, the California Court of Appeal, Fourth Appellate

28   District, Division One, affirmed the judgment and sentence.  (Lodgment No. 10.)  On November 6,

2003, the Petitioner filed a combined habeas corpus petition and petition for review with the California Supreme Court, which was denied on August 18, 2004.  (Lodgment No. 11.)

### ***Discussion***

The Petitioner alleges: (1) that the trial court violated his Eighth Amendment right by sentencing petitioner to imprisonment for 150 years to life plus five years at the age of seventy four; (2) that the trial court's use of California Jury Instruction 17.41.1 was a structural defect in the trial compelling reversal of his conviction; and (3) that the state court violated his Constitutional Due Process rights by failing to utilize federal laws in making the decisions that denied Petitioner relief. Respondent contends: 1) that Petitioner's claim that the California Court of Appeal decision upholding the 150 years to life sentence was not contrary to or an unreasonable application of federal law as determined by the Supreme Court, nor was it an unreasonable determination of the state court evidence given the severity and scope of Petitioner's crimes; 2) that the Ninth Circuit has already rejected the argument that the use of CALJIC 17.41.1 violates a Petitioner's due process rights; and 3) that Petitioner's third ground for relief fails to state a claim and is unsupported by argument or authority.

### *I.*     ***Standard of Review***

Title 28, United States Code, § 2254(a), sets forth the following scope of review:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C.A. § 2254(a) (West 2006) (emphasis added).

Under 28 U.S.C. § 2254(d):

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C.A. § 2254(d) (West 2006).

A state court's decision may be "contrary to" clearly established Supreme Court precedent: (1) "if the state court applies a rule that contradicts the governing law set forth in [the Court's] cases" or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision may involve an "unreasonable application" of clearly established federal law, "if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407. An unreasonable application may also be found, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.*

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. . . . Rather, that application must be objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003) (internal quotation marks and citations omitted). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the United States Supreme] Court's decisions." *Williams*, 529 U.S. at 412.

Habeas relief is also available if the state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court." 28 U.S.C.A. § 2254(d)(2) (West 2006). In order to satisfy this provision, Petitioner must demonstrate that the factual findings upon which the state court's adjudication of his claims rest, assuming they rest on a factual determination, are objectively unreasonable. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## II. Petitioner's Eighth Amendment Claim

The Petitioner alleges that the trial court violated his Eighth Amendment right by sentencing petitioner to imprisonment for 150 years to life plus five years at the age of seventy four. Alternatively, Respondent argues that given the scope and severity of Petitioner's crimes, the California Court of Appeals decision upholding the 150 years to life sentence was not contrary to or an unreasonable application of federal law as determined by the Supreme Court, nor was it an unreasonable

05cv0060

1   determination of the state court evidence.  The California Court of Appeal rejected Petitioner's Eighth

2   Amendment claim, noting that the trial court sentenced him to 25 years to life on each of the three

3   separate section 288, subdivision (a) counts in accordance with section 667.71, subdivision (a), and the

4   term on each count was doubled as a result of Petitioner's prior strike. (Lodgment No. 10, at 2.)  This

5   Court concludes that the state court's decision was neither "contrary to, [n]or involved an unreasonable

6   application of, clearly established Federal law . . . ."  28 U.S.C. § 2254(d).

7          The Supreme Court has clarified that one governing legal principle emerges as "clearly

8   established Federal law" to be applied in determining whether a particular sentence violates the Eighth

9   Amendment's prohibition on cruel and unusual punishments -- the "gross proportionality principle" set

10  forth in *Harmelin v. Michigan*, 501 U.S. 957 (1991), *Solem v. Helm*, 463 U.S. 277 (1983), and *Rummel*

11  *v. Estelle*, 445 U.S. 263 (1980).  *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003).  The "precise contours" of

12  this "gross proportionality principle" are "unclear," and are "applicable only in the 'exceedingly rare' and

13  'extreme' case."  *Id.* (*quoting Harmelin*, 501 U.S. at 1001).

14         In rejecting Petitioner's claim that his sentence constituted cruel and unusual punishment under

15  the Eighth Amendment, the California Court of Appeal specifically cited *Rummel* and *Harmelin*

16  (Lodgment No. 10, pp. 3-7.)  The appellate court also applied the three-pronged approach set forth by

17  the California Supreme Court in *In re Lynch*, 8 Cal.3d 410 (1972), which requires a review of (1) the

18  "nature of the offense and/or the offender, with particular regard to the degree of danger both present to

19  society"; (2) the length of the challenged sentenced as compared to the punishment prescribed for more

20  serious crimes in the same jurisdiction; and (3) the length of the challenged punishment as compared to

21  punishments for the same offense in other jurisdictions (Lodgment No. 10, p. 4  (*citing Lynch*, 8 Cal. 3d

22  at 424-27).)

23         In its analysis, the appellate court noted that the nature of the offense was "the ultimate violation

24  of self."  (Lodgment 10, p.5 (*citing Coker v. Georgia*, 433 U.S. 584, 597, (1977) (which states that

25  "[s]hort of homicide, [sexual assault] is the 'ultimate violation of self.'").)  The appellate court also found

26  that Petitioner's recidivist behavior of praying upon his youngest daughter repeatedly after previously

27  having intercourse on several occasion with his two older daughters demonstrated his unwillingness to

28  "conform his behavior to California law."  (Lodgment 10, at 5.)  The appellate court went on to stress

1    that Petitioner's sentence was not a result merely of his current conviction, but also of his recidivist

2    behavior, such that his sentence was not dissimilar to sentences which would be imposed for more

3    serious crimes taking into account his recidivism.[2] (*Id.*, p. 6.)

4        Upon review, this Court cannot say that result reached by the state court was "contrary to, or an

5    unreasonable application of, clearly established Federal law."  28 U.S.C. § 2254(d)(1).  The *Lynch* test

6    applied by the California Supreme Court is identical to the inquiry set forth by the United States

7    Supreme Court in *Solem*, 463 U.S. at 292.  The California Court of Appeal provided an extensive

8    explanation of why it is that Petitioner's sentence does not constitute cruel and unusual punishment

9    when viewed in light of his recidivist criminal behavior.  As explained by that court, "[t]he punishment

10   for a habitual offender is more severe than the punishment for other crimes.  Simply because California

11   recidivist statutes are among the most extreme does not compel the conclusion that they warrant

12   unconstitutionally cruel and unusual punishment. Appellant is being punished severely for being a

13   repeat offender, and this method of punishment does not 'shock[] the conscience [or] offend[]

14   fundamental notions of human dignity.'" (citations omitted)  The Supreme Court in *Ewing* stated that

15   "[i]t is enough that the state of California has a reasonable basis for believing that dramatically enhanced

16   sentences for habitual felons 'advance the goals of [its] criminal justice system in any substantial way.'"

17   *Ewing v. California*, 583 U.S. 11, 28 (2003).

18       As such, this Court cannot say that this is the type of "exceedingly rare" and "extreme" case

19   where the punishment violates the Eighth Amendment, and therefore recommends that Petitioner's

20   Eighth Amendment claim be DENIED.[3]

21

22       [2] The Supreme Court states in *Rummel* that "The purpose of a recidivist statute . . . is . . .to deter
     repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious

23   enough to be punished as felonies, to segregate that person from the rest of society for an extended
     period of time. This segregation and its duration are based not merely on that person's most recent

24   offense but also on the propensities he has demonstrated over a period of time during which he has been
     convicted of and sentenced for other crimes.  Like the line dividing felony theft from petty larceny, the

25   point at which a recidivist will be deemed to have demonstrated the necessary propensities and the
     amount of time that the recidivist will be isolated from society are matters largely within the discretion

26   of the punishing jurisdiction."  *Rummel v. Estelle*, 445 U.S. 263, 284-85 (1980).

27       [3] *Andrade*, 123 S. Ct. at 1173 (*quoting Harmelin*, 501 U.S. at 1101); *see also Ewing*, 538 at 28
     (holding that sentence of 25 years to life imposed under California's three strikes law upon a defendant

28   who stole three golf clubs did not violate the Eighth Amendment, even though the charge could have
     been brought as a misdemeanor under California law); *Harmelin*, 501 U.S. at 994 (upholding sentence

## II.   Petitioner's CALJIC 17.41.1 Claim

Petitioner challenges the Court of Appeals determination that the trial court did not err by instructing the jury as to CALJIC 17.41.1.   CALJIC 17.41.1 reads:

> The integrity of the trial requires that jurors at all times during their deliberations to conduct themselves as required by those instructions. Accordingly should it occur that any juror refuses to deliberate or expresses an intention to disregard the law or to decide the case based on penalty or punishment or any other improper basis, it is the obligation of other jurors to immediately advise the court of the situation.

Petitioner claims that CALJIC 17.41.1 unconstitutionally intrudes upon his Sixth Amendment right to a jury trial by violating the secrecy and privacy of jury deliberations and violates the California Constitution. (Petition at 7.)   Petitioner further contends that CALJIC 17.41.1 acts as an improper anti-nullification instruction.  *Id.*  Petitioner contends that the California Supreme Court decision in *People v. Engelman*, states that the instruction should not be used in future case because it created a risk to the proper functioning of the jury that was serious enough to render a trial unfair.  *Id;* 28 Cal.4th 436, 440 (2002). Alternatively, Respondent argues that Petitioner's claim is without merit since the Ninth Circuit has already rejected similar claims of such grounds.

The appellate court found while *People v. Engelman* does guarantee the privacy and secrecy of jury deliberations and this instruction does have the potential to intrude unnecessarily on the deliberative process, CALJIC 17.41.1 was not in violation of California law. 28 Cal.4th 436, 440 (2002).  There is no authority to suggest that the federal constitutional right to trial by jury requires that there be "[an] absolute and impenetrable secrecy for jury deliberations in the face of an allegation of jury misconduct, or that the constitutional right constitutes an absolute bar to jury instructions that might induce jurors to reveal some element of their deliberations." *Id.* at 443.  Additionally, the Petitioner has shown no prejudice, because nothing in the record indicates any juror intended to act contrary to the law or that CALJIC 17.41.1 had any affect on this issue.  (Lodgment 10, at 9 (citing People v. Molina, 82 Cal. App. 4th 1329, 1335-36 (2000).)

---

of life in prison without possibility of parole for first-time offender in possession of 672 grams of cocaine); *Cf  Solem*, 463 U.S. at 281 (holding that a life sentence without possibility of parole for a seventh nonviolent felony violated the Eighth Amendment where the triggering offense was "uttering a 'no account' check for $100").

1   The Petitioner has failed to demonstrate or cite any case law to support his contention that the

2   instruction is an unreasonable application of, or contrary to, U.S. Supreme Court precedent.  Under

3   AEDPA, a federal habeas court may only grant review if the dispositive state court decision is contrary

4   to or an unreasonable application of United States Supreme Court precedent.  *Juan H.*, 408 F.3d at 1262.

5   As the Respondent correctly indicates, the United States Supreme Court has not rendered an opinion

6   directly on CALJIC 17.41.1 or a similar instruction.  Consequently, as "neither the reasoning nor the

7   result of the state-court decision contradicts [Supreme Court precedent]", the Court is constrained by the

8   strictures of AEDPA, and therefore, powerless to grant relief.  *Early v. Packer*, 537 U.S. 3, 8 (2002).

9   The Court recommends that Petitioner's CALJIC claim be DENIED.

10          ***III.    Petitioner's Due Process Claim***

11          In the final ground of the Petition, Petitioner argues that the state court violated his

12   Constitutional Due Process rights by "failing to utilize federal laws in making the decisions that denied

13   Petitioner relief." Petitioner never explains or elaborates on this claim, and it is unsupported by

14   argument or authority. Petitioner's generalized complaint that his constitutional rights were violated is

15   insufficient to comply with Rule 2(c). Rule 2(c) of the Rules Governing Section 2254 Cases states that

16   the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in

17   the petition]."  Rule 2(c), 28 U.S.C. foll. § 2254; *see also Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th

18   Cir.1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made

19   conclusory allegations instead of factual allegations showing that he was entitled to relief).

20          Petitioner has failed to demonstrate that the state court's denial of his claim was contrary to, or

21   an unreasonable application of, clearly establish federal law, as determined by the United States

22   Supreme Court or was based on an unreasonable determination of the state court evidence.  As such, this

23   Court recommends Petitioner's claim be DENIED.

24                          ***Conclusion***

25          For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that the Court issue an

26   Order: (1) approving and adopting this Report and Recommendation; and (2) directing that judgement

27   be entered denying the Petition.

28

05cv0060

1    This Report and Recommendation will be submitted to the United States District Judge assigned

2  to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (1988). Any written objections to this

3  Report and Recommendation must be filed with the Court and a copy served on all parties **on or before**

4  **December 31, 2007**.  The document should be captioned "Objections to Report and Recommendation."

5  Any reply to the objections shall be served and filed **on or before January 15, 2008**.  The parties are

6  advised that failure to file objections within the specified time may waive the right to raise those

7  objections on appeal of this Court's order. *See Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998);

8  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

9    IT IS SO ORDERED.

11  DATED:  December 13, 2007

13  Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court